# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GINO BIONDI, an individual, and <br> LISA BIONDI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ALABAMA SHORELINE, LLC, <br> an Alabama Limited Liability Company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    CV 2:09-cv-00377-LSC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE RULE 56(F) AFFIDAVIT OF HARRIET THOMAS IVY

Plaintiffs Gino Biondi and Lisa Biondi (collectively the "Biondis") hereby submit their opposition to Defendant Alabama Shoreline, LLC's ("Shoreline") Motion to Strike the Rule 56(f) Affidavit of Harriet Thomas Ivy.

## I.  INTRODUCTION

On June, 2009, Defendant Alabama Shoreline, Inc. (hereinafter "Shoreline" or "Defendant") filed a Motion for Partial Summary Judgment as to Counts II through V of the Biondis' complaint, which state claims for violation of the Interstate Land Sales Full Disclosure Act, fraud, suppression, and rescission, respectively. In support of its motion, Shoreline offered the affidavit of Clint Brady, and attached as exhibits documents that Mr. Brady and Shoreline assert are

the dredging permits received from the Corps and the TVA.  Shoreline maintains that these alleged permits satisfy the condition precedent to the parties' Settlement Agreement and Release (the "Settlement Agreement"), and that, accordingly, the Biondis' Counts II through V are released and due to be dismissed.  As specifically identified in the Affidavit of Harriet Thomas Ivy in Support of Motion Pursuant to FED. R. CIV. P 56(f) (the "Ivy Affidavit")[1], however, apparent discrepancies exist on the face of the alleged "permits," and it is not at all clear that the dredge contemplated by the Settlement Agreement is permitted, leaving a material question of fact as to whether the condition precedent for the Biondis' release has been performed.

Shoreline attacks the Ivy Affidavit because "[t]he affidavit fails to specifically demonstrate how postponing the summary judgment ruling will enable the Biondis to rebut the undisputed fact that the condition precedent to the release of claims was satisfied." *Id*. at 3.  Very plainly, the Ivy Affidavit suffers from no such defect; it identifies with specificity the discovery necessary to resolve discrepancies in the documents allegedly received from the TVA and the Corps that raise a question of material fact as to whether the permit(s) allegedly received match the dredging permit contemplated by the Settlement Agreement.  If the

---

[1] Indeed, Harriet Ivy is "the same attorney that negotiated the Agreement on [the Biondis'] behalf." (*See* Doc.17 at 2).  The relevance of such fact is unclear, however.

2

dredging permit received by Shoreline is not what was contemplated by the Settlement Agreement, then the condition precedent is not satisfied, and Counts II through V are viable and not subject to dismissal.

Shoreline also argues that any discovery regarding potential fraud by Shoreline underlying the Settlement Agreement should not be permitted because the Biondis' did not plead any claim for promissory fraud or fraud in the inducement as to the agreement. *See id.* at 17. This argument also fails because such discovery is directly relevant to the validity and enforceability of the Settlement Agreement – an element that is essential to prove the Biondis' breach of contract count and essential to Shoreline's defense that Counts II through V were released. Unquestionably, any discovery pertaining to the Settlement Agreement's enforceability and validity, including discovery relating to the condition precedent for the Biondis' release or to possible fraud underlying the agreement, is discoverable, relevant, and must be conducted before Shoreline's motion for summary judgment on Counts II through V can be determined.

## II. ARGUMENT

### A. The Rule 56(f) Affidavit of Harriet Thomas Ivy satisfies FED. R. CIV. P. 56(f).

Shoreline states that the Ivy Affidavit does not satisfy the standards of FED. R. CIV. P. 56(f). Shoreline correctly notes that Rule 56(f) requires the affidavit to "specifically demonstrate how postponement of a ruling on the motion will enable

3

[the non-movant], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *See Wallace v. Brownell Pontiac-GMC. Co.*, 703 F. 2d 525, 527 (11th Cir. 1983). As was stated in Plaintiffs' Response in Opposition to Defendant's Motion for Partial Summary Judgment, if the Settlement Agreement's condition precedent was not satisfied, the Biondis' release is ineffective; similarly, if the Settlement Agreement was induced by fraud, it is invalid and should be rescinded. In either case, Plaintiffs' Counts II through V are viable.

The Ivy Affidavit specifically identifies areas of discovery for which answers and explanations will be sought from the Corps and the TVA. *See* Ct. Doc. 14-2 ¶¶ 14-23 (identifying a discrepancy between the number of channels contemplated by the Settlement Agreement and apparently permitted by the Corps' Project Description[2]; identifying the multiplicity of maps attached to the permit documents, some of which are <u>not</u> identical to the map included within the Settlement Agreement; identifying an email regarding a permit modification that is included with the TVA documents attached to Mr. Brady's affidavit, the

---

[2] Shoreline acknowledges that the Corp's Project Description describes only one channel and claims that the discrepancy is immaterial because the Project Description also provides that work "shall be performed in accordance with the plans attached." *See* Ct. Doc. 17 at 7-8. First, it is not apparent from the face of the documents attached to Mr. Brady's affidavit whether any "plans" are "attached." Two maps are included, but only one, which appears only to provide a general location for the dredge, is expressly marked as an exhibit, *see* Ct. Doc. 13-3, p. 27. Presuming that "plans attached" do provide for two channels, only the Corps may answer whether such plans trump the contradictory Project Description.

4

significance of which is unexplained; and identifying facts sought to be learned through third-party discovery to the Corps and the TVA).

Only the TVA and the Corps are proper parties to authenticate any permits that may have been issued by those entities[3] and to explain the import (if any) of the Corps' Project Description, the multiple maps, and the email within the TVA documents regarding a modification. In short, as set forth in the Ivy Affidavit, the documents attached to Mr. Brady's affidavit raise genuine issues of fact, rather than demonstrate their absence[4], and the discovery sought by the Biondis from the Corps and the TVA may reasonably be expected to elucidate whether the permits allegedly obtained by Shoreline fulfill the condition precedent under the Settlement Agreement.

In addition to the discovery that must be obtained from the Corps and the TVA before Shoreline's motion for summary judgment is due to be considered, the Ivy Affidavit also identifies discovery pertaining to the circumstances surrounding the Settlement Agreement that has already been propounded and that is directly relevant to the enforceability and validity of the Settlement Agreement. *See* Ct.

---

[3] Notably, the documents attached to Mr. Brady's affidavit are not certified copies of public records, and, accordingly, are not self-authenticating. *See* FED. R. EVID. 902(4).

[4] Shoreline's arguments do little to elucidate the documents either. For instance, its statement on p. 10 of its motion that the "TVA Dredging Permit expressly authorizes the construction of the Dredge contemplated by the Agreement" is wholly unsupported by any reference to a particular page or statement within the documents attached to Mr. Brady's affidavit.

5

Doc. 142 at ¶¶ 26-36; *see also* Section B *infra*. Summary judgment is premature before the validity and enforceability of the Settlement Agreement can be determined through discovery reasonably targeted to that issue.

**B. As demonstrated by the Ivy Affidavit, discovery pertaining to the underlying validity of the Settlement Agreement, including discovery pertaining to potential fraud in the inducement or promissory fraud, is clearly relevant and discoverable.**

Shoreline argues that, because "the Biondis have not made a claim for fraud, fraudulent misrepresentation, and/or promissory fraud as to the Agreement in their Complaint," *see* Ct. Doc. 17 at 17, the Biondis are not entitled to discovery as to any of these potential claims. Shoreline states, "The Biondis cannot defeat a motion for partial summary judgment by submitting a Rule 56(f) affidavit that states discovery is required on claims that are not even asserted in their Complaint." *Id*. Of course, the Biondis are merely asking the Court to deny or continue Shoreline's motion until such time as the Biondis have had opportunity to conduct discovery as to the validity and enforceability of the Settlement Agreement, which will determine whether their alternatively pleaded claims are viable.[5]

---

[5] As was explained in Plaintiffs' Brief in Opposition to Defendant's Motion for Partial Summary Judgment, the Biondis have been very careful to safeguard the claims set forth in Counts II through V. Plaintiff's Brief in Opposition at 5. To dismiss the claims upon Shoreline's motion prior to any opportunity for discovery by the Biondis to determine if the Settlement Agreement is valid or subject to rescission would obviate the careful steps the Biondis have taken to preserve the claims against an attack on statute of limitations grounds. *See id*. at 6.

6

In particular, as described in paragraphs 26 through 36 of the Ivy Affidavit, the Biondis' have already sought discovery as to Shoreline's efforts to perform under the Settlement Agreement and as to the chronology of such efforts, if any. Shoreline attacks such discovery as irrelevant to the issue presented by its motion for partial summary judgment and further contends that it is only relevant to whether Shoreline breached the Settlement Agreement. *See* Ct. Doc. 17 at 15, 17. Assuredly, the information sought through discovery <u>is</u> relevant as to whether Shoreline breached, but it will <u>also</u> tend to show whether Shoreline ever intended to perform, which fact is relevant to whether Shoreline entered into the agreement with fraudulent intent. *See* Ivy Aff. at ¶¶ 26-33.

Discovery as to Shoreline's intent in entering in the Settlement Agreement and whether the agreement was fraudulently induced or the result of promissory fraud is relevant to an essential element of the Biondis' breach of contract claim, i.e., the validity of the contract. In a breach of contract action, the claimant must prove the existence of a valid contract binding the parties in the action, his own performance under the contract, the defendant's nonperformance and damages. *See Southern Medical Health Systems v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995). Moreover, the validity of the Settlement Agreement has been put directly in issue by Shoreline, which claims, as a defense to Counts II through V, that the release in the Settlement Agreement is due to be enforced.

7

Finally, it must be noted that Shoreline seeks to put the Biondis in a catch-22 position. The Biondis, in good faith and in compliance with their duties as litigants, did not file a cause of action for fraud in inducement or promissory fraud as to the Settlement Agreement because, at the time that their complaint was filed, there was insufficient information to meet the heightened pleading standard under FED. R. CIV. P. 9(b). The propounded discovery identified in the Ivy Affidavit demonstrates reasonable efforts to obtain information needed to determine if a good faith basis exists to amend the complaint to add such claims. *See* Ct. Doc. 14-2 at ¶¶ 34, 35 ("In an effort to determine if there is a reasonable basis to believe that Shoreline had the intention not to perform its obligation . . . at the time the agreement was executed . . . the Biondis have propounded interrogatories. . . ."). A denial at this time of the discovery sought would place the Biondis in the impossible position of being required to plead claims before a reasonable basis to do so could be revealed.

In sum, as set forth in the Ivy Affidavit, the Biondis merely seek to obtain discovery on all aspects of the Settlement Agreement's validity and enforceability before Shoreline's motion for summary judgment is determined. Fraud as a grounds for rescission, even if not specifically pleaded, goes to the heart of Shoreline's argument on summary judgment – that the Settlement Agreement is valid and due to be enforced. Very plainly, the affidavit demonstrates how

B PJC 830072 v1
2907860-000001 6/23/2009

postponement of a ruling on Shoreline's motion will enable the Biondis to oppose Shoreline's motion. That is all Rule 56(f) requires.

### III. CONCLUSION

As required by FED. R. CIV. P. 56(f), the Ivy Affidavit specifically describes discovery sought by the Biondis that may reasonably be expected to create genuine issues of material fact. It is accordingly not due to be stricken, and Shoreline's motion to strike, like its motion for summary judgment, is due to be denied.

    Respectfully submitted by,

    /s/Paige Casey
    PATRICIA CLOTFELTER
    HARRIET THOMAS IVY
    PAIGE CASEY
    Attorneys for Plaintiffs

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
420 North 20th Street
Suite 1600
Birmingham, Alabama 35203
Phone: (205) 328-0480
Fax: (205) 322-8007

# CERTIFICATE OF SERVICE

      I certify that on June 23, 2009, a copy of the foregoing was served on the following via e-mail and first-class U.S. Mail:

Edward S. Sledge, IV
Bryan A. Coleman
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618

                                                   /s/ Paige Casey
                                                   OF COUNSEL

B PJC 830072 v1
2907860-000001 6/23/2009