UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GINO BIONDI, an individual, and | ) | |
| LISA BIONDI, an individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CV 2:09-cv-00377-LSC |
| v. | ) | |
| | ) | Jury Trial Requested for |
| ALABAMA SHORELINE, LLC, | ) | Counts II, III, IV, and V |
| an Alabama Limited Liability Company, | ) | (Pled in the Alternative) |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDMENT TO COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Gino Biondi and Lisa Biondi (collectively, the "Biondis") hereby amend paragraphs 2, 3, 9, 14, 15, and 80 of their Complaint against Defendant Alabama Shoreline, LLC, ("Alabama Shoreline"), utilizing the same numbering sequence found within the Complaint. All other paragraphs and allegations and all causes of action set forth in the Complaint are adopted and incorporated by reference as if fully set forth herein.

2. Alabama Shoreline is an Alabama limited liability company whose principal place of business is Birmingham, Alabama. Alabama Shoreline's sole member is Redstone Properties, Inc. ("Redstone"). Redstone is a Massachusetts

corporation with its principal place of business in Williamstown, Massachusetts. Alabama Shoreline develops residential subdivisions.

3. The Biondis hereby adopt and incorporate by reference the first three sentences of Paragraph 3 of their Complaint as if fully set forth herein. The Biondis amend the fourth sentence of Paragraph 3 of their Complaint to allege as follows: Because a certain condition precedent for the releases by the Biondis under the Settlement Agreement may not have been performed by Alabama Shoreline and/or because the Settlement Agreement may be otherwise unenforceable or subject to rescission, the Biondis allege paragraphs 25 through 106 and Counts II through V of the Complaint in the alternative.

9. On or about August 6, 2008, the Biondis and Alabama Shoreline entered into a Settlement Agreement to resolve any and all claims between them relating to or arising from the purchase of the Lots arising on or before the date of the Settlement Agreement.

14. Alabama Shoreline has represented that the permit required for the dredging was issued to Alabama Shoreline in late October or early November, 2008.

15. More than sixty (60) days have elapsed since the date upon which, according to Alabama Shoreline, the Dredging Permit was issued to it. Alabama

Shoreline has not begun the dredging as promised under the Settlement Agreement.

80. To date, questions remain regarding whether there are grounds upon which the Settlement Agreement is unenforceable, including whether Alabama Shoreline has received the necessary permits to perform the dredge described therein.

/s/Harriet Thomas Ivy
PATRICIA CLOTFELTER
HARRIET THOMAS IVY
PAIGE CASEY
Attorneys for Plaintiffs

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
420 North 20th Street
Suite 1600
Birmingham, Alabama  35203
Phone:  (205) 328-0480
Fax:     (205) 244-8315

## CERTIFICATE OF SERVICE

I certify that on July 1, 2009, a copy of the foregoing was served on the following via e-mail and first-class U.S. Mail:

Edward S. Sledge, IV
Bryan A. Coleman
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2618

                                              /s/ Harriet Thomas Ivy
                                              OF COUNSEL