## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GINO BIONDI, an individual, and**<br>**LISA BIONDI, an individual** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **CV-09-LSC-377-S** |
| | ) | |
| **ALABAMA SHORELINE, LLC, an**<br>**Alabama Limited Liability Company** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S UNOPPOSED MOTION TO AMEND ANSWER

Defendant Alabama Shoreline, LLC ("Shoreline") pursuant to Fed. R. Civ.
P. 15, requests permission to amend its Answer.  In support thereof, Shoreline
states as follows:

1.      This motion is unopposed.

2.      Shoreline seeks to add two defenses to its answer.  Specifically,
Shoreline requests permission to add paragraphs 19 and 20 to the "Affirmative and
Other Defenses" specified in the attached proposed Amended Answer.

3.      This motion is timely filed.  This motion is filed by July 15, 2009, the
deadline for Shoreline to amend its pleadings.

4.      No party will be prejudiced by this amendment.  Discovery has just
begun, and only one deposition has been taken.

WHEREFORE, Shoreline requests that this Court grant this Motion and grant Shoreline leave to file the Amended Answer attached as Exhibit A.

Respectfully submitted by,

s/ Bryan A. Coleman
Edward S. Sledge IV
Bryan A. Coleman
Attorneys for Defendant

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999
esledge@maynardcooper.com
bcoleman@maynardcooper.com

01826327.1

# CERTIFICATE OF SERVICE

I certify that on July 15, 2009 a copy of the foregoing was served on the following via the Court's CM/ECF system:

**Attorneys for Plaintiffs**
Patricia Clotfelter
Harriet Thomas Ivy
Paige Casey
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
420 North 20th St.
Suite 1600
Birmingham, AL 35203
Ph: 205.328-0480
Fax: 205.244.8315

s/ Bryan A. Coleman
OF COUNSEL

01826327.1

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

GINO BIONDI, an individual, and )
LISA BIONDI, an individual )
)
    **Plaintiffs,** )
)
**v.** )   **CIVIL ACTION NO.**
)   **CV-09-LSC-377-S**
ALABAMA SHORELINE, LLC, an )
Alabama Limited Liability Company )
)
    **Defendant.** )

## FIRST AMENDED ANSWER

Defendant Alabama Shoreline, LLC submits this Answer in response to

Plaintiffs' Complaint:

### PARTIES

1.    Defendant is without sufficient information to form a belief as to the

truth of, and therefore denies, the allegations in this paragraph.

2.    Defendant admits that it is an Alabama limited liability company that

develops residential subdivisions.  Defendant denies the remaining allegations in

this paragraph.

### JURISDICTION AND VENUE

3.    Defendant admits that Plaintiffs brought this action against Alabama

Shoreline, LLC.  Defendant denies the remaining allegations in this paragraph.

4.    Defendant admits that diversity jurisdiction exists in this matter.

Defendant admits that the Complaint sets forth a federal claim under 15 U.S.C. §

1719, but denies the allegations and purported liability related to this claim. Defendant denies the remaining allegations in this paragraph.

5. Defendant admits that this Court has personal jurisdiction over Alabama Shoreline, LLC. Defendant denies the remaining allegations in this paragraph.

6. Admitted.

## FACTS

7. Admitted.

8. Admitted.

9. Defendant admits that it entered into the Settlement Agreement, the terms of which speak for itself.

10. Defendant admits that it entered into the Settlement Agreement, the terms of which speak for itself.

11. Defendant admits that it entered into the Settlement Agreement, the terms of which speak for itself.

12. Admitted.

13. Defendant admits that it entered into the Settlement Agreement, the terms of which speak for itself.

14. Defendant admits that the Tennessee Valley Authority ("TVA") issued a permit on October 2, 2008. Defendant denies the remaining allegations in this paragraph.

01826326.1

15.    Defendant admits that more than sixty days have elapsed since the dredging permit was issued.  Defendant denies the remaining allegations in this paragraph.

16.    Denied.

17.    Denied.

## COUNT I – BREACH OF CONTRACT

18.    Defendant's previous responses are incorporated herein by reference.

19.    Admitted.

20.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the two unnumbered paragraphs following paragraph 24.

## PLED IN THE ALTERNATIVE – COUNTS II, III, IV, AND V – VIOLATION OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, ALABAMA COMMON LAW FRAUD, FRAUDULENT SUPPRESSION, AND RESCISSION FOR FRAUD IN THE INDUCEMENT

### INTRODUCTION

25.    Admitted.

26. Admitted.

27. Denied.

## FACTS

28. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

29. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

30. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

31. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

32. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

33. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

34. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

35. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

36. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

01826326.1

37.     Defendant admits that Pete Scerbo worked with Plaintiffs.  Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

38.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

39.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

40.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

41.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

42.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

43.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

44.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

45.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

46.     Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

01826326.1

47.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

48.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

49.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

50.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

51.    Admitted.

52.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

53.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

54.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

55.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

56.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

57.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

58.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

59.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

60.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

61.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

62.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

63.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

64.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

65.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

66.    Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

67.    Defendant denies that any of its agents made a false representation to Plaintiffs.  Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the remaining allegations in this paragraph.

01826326.1

68. Defendant denies that it made any false statements.

69. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

70. Denied.

71. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

72. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

73. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

74. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

75. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

76. Denied.

77. Defendant admits that Plaintiffs demanded compensation through counsel. Defendant denies the remaining allegations in this paragraph.

78. Defendant admits that it entered into a Settlement Agreement with Plaintiffs, the terms of which speak for itself.

79. Defendant admits that it entered into a Settlement Agreement with Plaintiffs, the terms of which speak for itself.

01826326.1

80. Denied.

## TOLLING

81. Denied.

82. Defendant admits that it entered into certain tolling agreements, the terms of which speak for themselves.

## COUNT II – VIOLATION OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT ("ILSA"), 15 U.S.C. § 1703(A)

83. Defendant's previous responses are incorporated herein by reference.

84. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the unnumbered paragraph following paragraph 89.

## COUNT III – ALABAMA COMMON LAW FRAUD

90. Defendant's previous responses are incorporated herein by reference.

91. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the unnumbered paragraph following paragraph 95.

## COUNT IV – FRAUDULENT SUPPRESSION

96. Defendant's previous responses are incorporated herein by reference.

97. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

98. Denied.

99. Denied.

100. Denied.

Defendant denies that Plaintiffs are entitled to the relief requested in the unnumbered paragraph following paragraph 100.

## COUNT V – RESCISSION FOR FRAUD IN THE INDUCEMENT

101. Defendant's previous responses are incorporated herein by reference.

102. Defendant is without sufficient information to form a belief as to the truth of, and therefore denies, the allegations in this paragraph.

103. Denied.

104. Denied.

01826326.1

105. Denied.

106. Admitted.

Defendant denies that Plaintiffs are entitled to the relief requested in the unnumbered paragraph following paragraph 106.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Defendant denies that it is liable for any allegations set forth in the Complaint.

2.    The Complaint fails to state a claim for which relief can be granted.

3.    Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

4.    Plaintiffs' claims are barred by release.

5.    One or more of Plaintiffs' claims fail for lack of ripeness.

6.    Plaintiffs failed to allege their fraud and suppression claims with the requisite specificity.

7.    Defendant avers frustration of purpose.

8.    Defendant avers that its conduct was justified.

9.    Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

10.    Plaintiffs' claims are barred by the applicable statute of limitations and the equitable doctrine of laches.

11.    Plaintiffs' claims are barred by the parole evidence rule.

01826326.1

12.     Plaintiffs' injuries, if any, were caused by a superseding, intervening cause.

13.     Defendant avers that there is no causal relation between the acts of Defendant and the injuries and damages claimed in the Complaint.

14.     Defendant denies that Plaintiff reasonably or justifiably relied on any alleged misrepresentation or omission by Defendant or its agents, or that Plaintiffs were damaged as a proximate result of any alleged misrepresentation or omission.

15.     Plaintiffs failed to mitigate their damages, if any.

16.     Defendant denies the damages alleged in the Complaint.

17.     Defendant avers the defense of impossibility as to Plaintiff's contract claims.

18.     Defendant avers that it satisfied its contractual obligations to Plaintiffs.

19.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of caveat emptor.

20.     Plaintiffs' claims are barred, in whole or in part, by the language of the contracts binding Plaintiffs and Defendant.  This language includes, but is not limited to, various merger and integration clauses.

21.     Plaintiffs' Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's rights to procedural due process under the Fourteenth Amendment of the United States

01826326.1

Constitution and under the Constitution of the State of Alabama, and therefore fails to state a cause of action under which either punitive or exemplary damages can be awarded.

22. Plaintiffs' claims for punitive damages are limited by Ala. Code § 6-11-21 (1975).

23. Plaintiffs' claims for punitive damages are barred by Ala. Code § 6-11-20 (1975).

24. The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

25. Plaintiffs' Complaint, and each count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

26.     Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

27.     Any award of punitive damages to Plaintiffs in this case will be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to legitimate government interests.

28.     Any award of punitive damages to Plaintiffs in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

29.     Any award of punitive damages to Plaintiffs in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

30.     It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against Defendant

punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

31.   It is violative of the self incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

32.   It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof on Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

33.   Any award of punitive damages to Plaintiffs in this case, on its face and/or as applied in this case, is in violation of the right to trial by jury of the Seventh Amendment of the Constitution of the United States.

34.   Any award of punitive damages to Plaintiffs in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

35.   Any award of punitive damages to Plaintiffs in this case will be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

01826326.1

36. The imposition of punitive damages in this cause violates the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution of 1901 because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of the fundamental rights to ordered liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid state and federal constitutional provisions by (a) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damages awards; (b) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tortfeasors; (c) failing to provide sufficient objective specific standards by which juries may award punitive damages against multiple defendants for different alleged acts of wrongdoing; (d) failing to provide sufficiently objective and specific standards by which juries may award separate judgments against alleged joint tortfeasors; (e) by failing to provide a sufficiently clear, objective, and specific standard for appellate review of awards for punitive damages; and (f) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

01826326.1

37.    The imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6, and 22 of the Alabama Constitution of 1901, because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants.

38.    Any award of punitive damages to Plaintiffs in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendant has first been provided with "an opportunity to present every available defense." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1063 (2007).

39.    Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendant without due process, to the extent that Plaintiffs seek to punish Defendant for an injury inflicted upon nonparties to this litigation (e.g. victims whom the Plaintiff does not represent). "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . ., i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation."

- 17 -

*Phillip Morris v. Williams,* 127 S.Ct. 1057, 1063 (2007). The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

40.     Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in place in the State deprives Defendant of "fair notice . . . of the severity of the penalty that [could be] impose[d]," and subjects Defendant to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decisionmaker's caprice." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1062 (2007) (citations omitted).

41.     Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State's law does not provide the appropriate standards for the imposition of punitive damages. Thus, the State's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendant to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries of proper legal guidance." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007) (citations omitted).

01826326.1

42. Plaintiffs claims for punitive damages against Defendant cannot be sustained, because an award of punitive damages based on anything other than Defendant's conduct toward actual parties imposes "one State's (or one jury's) policy choice" upon "neighboring states with different public policies," in violation of the Due Process Clause of the United States Constitution. *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1062 (2007) (quoting *BMW of North America v. Gore,* 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L. Ed. 2d 809).

43. Any claim for punitive damages, on its face and/or as applied in this case, is improper under the Due Process Clause of the Fourteenth Amendment because there are no standards provided by the State law for the imposition of punitive damages. "[I]t is constitutionally important for a court to provide assurance that a jury is asking the right question." *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1059 (2007).

44. Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State lacks proper standards for the imposition of punitive damages. Thus, the punitive damage system in place in the State creates an unnecessary risk of confusion and misunderstanding by the jury in awarding such damages. Pursuant to the Due Process Clause of the United States Constitution, this Court must protect Defendant. "Where the misunderstanding is a significant one. . .a court, upon request, must protect against that risk" *Phillip Morris v. Williams,* 127 S.Ct. 1057, 1065 (2007). [F]ederal constitutional law

01826326.1

obligates [courts] to provide *some* form of protection [to defendants] in appropriate cases." *Id.* (emphasis in original).

45.     Defendant reserves the right to amend its Answer and add any additional defenses which become applicable after the substantial completion of discovery.

Respectfully submitted by,

s/ Bryan A. Coleman
Edward S. Sledge IV
Bryan A. Coleman
Attorneys for Defendant

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999
esledge@maynardcooper.com
bcoleman@maynardcooper.com

01826326.1

## CERTIFICATE OF SERVICE

I certify that on July 15, 2009 a copy of the foregoing was served on the following via the Court's CM/ECF system:

**Attorneys for Plaintiffs**
Patricia Clotfelter
Harriet Thomas Ivy
Paige Casey
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
420 North 20th St.
Suite 1600
Birmingham, AL 35203
Ph: 205.328-0480
Fax: 205.244.8315

s/ Bryan A. Coleman
OF COUNSEL

01826326.1