# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GINO BIONDI, an individual, and <br> LISA BIONDI, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> ALABAMA SHORELINE, LLC, <br> an Alabama Limited Liability Company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CV 2:09-cv-00377-LSC |

## JOINT MOTION TO AMEND SCHEDULING ORDER IN LIGHT OF DISMISSAL OF COUNTS II THROUGH V OF PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Gino and Lisa Biondi and Defendant Alabama Shoreline, LLC ("Alabama Shoreline") hereby jointly move this Court for good cause to amend the scheduling order in the above-captioned case as set forth below. Contemporaneous with the filing of this motion, the Parties have stipulated pursuant to FED. R. CIV. P. 41(a)(1)(A) to the dismissal with prejudice of Counts II through V of the Plaintiffs' First Amended Complaint.

The schedule reflected herein is appropriate for the streamlined and simplified case that is now pending and will permit the Parties to conserve the resources of this Court, as well as their own resources, until certain material events affecting the parties' claims and defenses may occur.

In further support of this motion, the Parties would show the Court as follows:

1. The only count now pending is Count I, the Biondis' claim for breach of the Settlement Agreement and Release (the "Settlement Agreement") that is attached to the First Amended Complaint.

2. As this Court is aware, Alabama Shoreline previously filed a motion for summary judgment on Counts II through V of the Biondis' Complaint, arguing that those claims were released by the Settlement Agreement upon the receipt by Alabama Shoreline from the Army Corps of Engineers and the Tennessee Valley Authority of certain permits to construct a dredge on Lake Guntersville.

3. In opposition to Alabama Shoreline's motion for summary judgment, the Biondis filed a Rule 56(f) affidavit. The Biondis argued that there were questions of fact as to whether the permits that Alabama Shoreline had obtained were those contemplated by the Settlement Agreement and whether the condition precedent for the Biondis' release was fulfilled.

4. On July 15 and 17, 2009, the Parties took third-party depositions of the Army Corps and the TVA regarding the permits.

5. The deposition testimony of the Army Corps and the TVA and the documents produced by those entities at their depositions established to the Biondis' satisfaction that the permits obtained by Alabama Shoreline are those

contemplated by the Settlement Agreement and that the condition precedent for the Biondis' release under the Settlement Agreement has been fulfilled. The Biondis accordingly agreed to dismiss Counts II through V.

6. This litigation is now simplified and lends itself to streamlining. However, due to the expected occurrence in October 2009 through January 2010 of certain material events described herein, the Parties request relief from the deadlines currently set in the case. The current deadlines were necessary and appropriate where the Biondis sued for the relief requested in Counts II through V of their complaint, and it was expected that there would be extensive fact discovery regarding the Biondis' allegations of fraud and other claims, as well as potentially extensive expert discovery, but are ill-suited to the current posture and may impose unwarranted expense upon the litigants now that the Biondis have agreed to the dismissal of those alternatively pled counts.

7. As set forth in the Biondi's First Amended Complaint, the Biondis contend that Alabama Shoreline has breached the Settlement Agreement by failing to commence construction of the dredge at Lake Guntersville within sixty (60) days of obtaining dredging permits from the Army Corps and the TVA and by failing to complete construction. The Biondis also claim that Alabama Shoreline failed to notify them when it obtained the permits and did not inform them regarding the status of alleged construction of the dredge.

8. Alabama Shoreline denies all of the Biondis' claims and contends that it has commenced construction and has otherwise materially performed, but that due to circumstances beyond its control, it cannot resume construction until the 2009-2010 "winter pool" months commence on Lake Guntersville.

9. Specifically, the permit obtained from the TVA provides that construction of the dredge may only occur between December and February. Dredging is prohibited by the TVA during any other time of the year.

10. The Biondis allege that Alabama Shoreline has breached the Settlement Agreement, and, among other remedies, seek specific performance of the Settlement Agreement – i.e., completed construction of the dredge – by Alabama Shoreline.

11. Alabama Shoreline intends to complete construction of the dredge that was permitted by the Army Corps and the TVA during the 2009-2010 "winter pool."

12. The trial in this case is set for July 12, 2010, approximately four months after the "winter pool" months have ended and dredge construction must cease.

13. Whether or not construction of the dredge is completed during the "winter pool" months will determine the relief sought by the Biondis – and

Alabama Shoreline's defenses to such requests for relief – either by summary judgment or at the trial.

14. It is anticipated that, absent unforeseeable circumstances, preparatory work required to complete the dredge, such as the construction of a settling pond, will commence during October 2009. It is further anticipated that, absent unforeseeable circumstances, the dredging of the lake will commence as early as December 1, 2009 and may be completed within thirty to sixty days.

15. The Parties respectfully submit that to continue to expend resources on discovery, particularly expensive expert discovery related to damages, before it is clear whether the dredge will be constructed during the "winter pool" would be wasteful.

16. The Parties therefore have agreed that a further extension of the deadlines in this case would be appropriate and respectfully request that the Court amend the scheduling order to reflect such extended deadlines.

17. Because the progress of the dredge construction should be clear to the parties by early December 2009, the Parties have agreed that the following schedule would be appropriate and most conserve the resources of the Parties and the Court:

(a) **Expert discovery**: Expert disclosures by Plaintiffs extended from August 7, 2009 to December 14, 2009 and by Defendants from October 7, 2009 to

February 8, 2010. The Parties have mutually agreed that the Plaintiffs shall make their expert(s) available for deposition no later than January 11, 2009 and that Defendant shall make its expert(s) available for deposition no later than March 8, 2010.

(b) **Discovery cut-off and deadline for supplementation of disclosures**: The discovery cut-off and deadline for supplementation of initial disclosures extended from February 1, 2010 until March 22, 2010.

(c) **Joint status report**: The joint status report due extended from February 15, 2009 to March 29, 2010.

(d) **Dispositive motions**: Dispositive motions extended from March 1, 2010 to April 5, 2010.

17. The requested extended deadlines for expert discovery, supplementation, discovery cut-off, the joint status report, and dispositive motions remain well in advance of the July 12, 2010 trial date, which shall be a bench trial due to the dismissal of Counts II through V.

Respectfully submitted this 14th day of August, 2009.

/s/Harriet Thomas Ivy
PATRICIA CLOTFELTER
HARRIET THOMAS IVY
PAIGE CASEY
Attorneys for Plaintiffs

OF COUNSEL:

BAKER, DONELSON, BEARMAN,
　CALDWELL & BERKOWITZ, P.C.
420 North 20th Street
Suite 1600
Birmingham, Alabama 35203
Phone: (205) 328-0480
Fax: 　(205) 244-8315

　　　　　　　　　　　　　　　　　　/s/ Bryan A. Coleman
　　　　　　　　　　　　　　　　　　Edward S. Sledge IV
　　　　　　　　　　　　　　　　　　Bryan A. Coleman
　　　　　　　　　　　　　　　　　　Attorneys for Defendant

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999
esledge@maynardcooper.com
bcoleman@maynardcooper.com